

SO ORDERED.

SIGNED this 28th day of July, 2014.

_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ABBINGTON PARTNERS, LLC, ) | Case No. 14-80681 |
| ) | |
| Debtor. ) | |
| ) | |

### ORDER AND OPINION GRANTING MOTION TO DISMISS

THIS MATTER came before the Court on July 24, 2014, upon the Motion by the Bankruptcy Administrator to Dismiss the Case of Abbington Partners, LLC (the "Debtor"). All interested parties having received due and proper notice, after consideration of the Motion and all other pleadings and documents filed in this case, the Court finds as follows:

### BACKGROUND

The Debtor filed a voluntary petition for Chapter 11 bankruptcy on June 20, 2014 (the "Petition Date"). The Debtor's skeleton petition was filed *pro se* by James Mitchell ("Mitchell"), an officer and current manager of the Debtor. Mitchell is not a licensed attorney and is not authorized to practice law in North Carolina. The Debtor did not file a corporate ownership statement with the petition as required by Bankruptcy Rule 1007. The Court issued a Notice of Filings Due advising the Debtor that pursuant to Bankruptcy Rule 1007, the schedules, a

1

statement of financial affairs, a list of equity security holders, and several other documents were required to be filed within 14 days of the Petition Date, which was July 4, 2014.

Also on the Petition Date, the Court sent Mitchell a Memorandum Regarding Petition filed by *Pro Se* Corporation or Partnership (the "Memorandum"). The Memorandum advised Mitchell that a corporation seeking relief in this Court was required to be represented by an attorney admitted to practice before this Court and required the Debtor to obtain counsel within ten days, by June 30, 2014. It further advised that failure by the Debtor to obtain counsel would result in the filing of a motion to dismiss the case.

This is the Debtor's second bankruptcy filing. On January 18, 2013, Mitchell filed a skeleton Chapter 7 petition on behalf of the Debtor in Massachusetts. The Massachusetts Bankruptcy Court issued a Show Cause Order to Mitchell on that same date based on the Debtor's lack of counsel. Although local counsel appeared on behalf of the Debtor on January 24, 2013, the attorney never signed the Debtor's original petition or the Debtor's amended petition filed February 6, 2013. According to the Debtor's statement of financial affairs filed with the amended petition, the Debtor had received no income from employment or operation of its business for the years 2011, 2012, and 2013. On February 26, 2013, the court dismissed the Debtor's case for failure to comply with the Show Cause Order and failure to timely file the creditor matrix.

On June 26, 2014, the Bankruptcy Administrator filed a Motion to Dismiss *Pro Se* Corporate Debtor's Case (the "Motion to Dismiss"). A hearing on the Motion to Dismiss was scheduled for July 24, 2014.

The Debtor filed its schedules, statement of financial affairs, a list of equity security holders, and a certificate of corporate vote on July 7, 2014. The schedules reflect that the Debtor

owns no real property. Schedule B reflects personal property totaling $100,059,000.00, $100,000,000.00 of which consists of contingent and unliquidated claims against Frank Iacono and related entities pending in Suffolk Superior Court, Massachusetts. There is no secured debt listed on Schedule D and no priority debt listed on Schedule E. Schedule F reflects unsecured nonpriority claims in a total amount of $2,059,072.32. The statement of financial affairs filed in the case reflects that the Debtor has had no income this year to date. The Debtor is a Massachusetts limited liability company and on the Petition Date, it was not registered to do business in North Carolina.

On July 22, 2014, Daniel M. O'Hara ("O'Hara") filed a Motion to Appear *Pro Hac Vice* on behalf of the Debtor. O'Hara did not associate with local counsel, and the Court denied his Motion to Appear *Pro Hac Vice*.

As of the July 24, 2014 hearing on the Motion to Dismiss, the Debtor was not represented by counsel admitted to practice before this Court. In addition, the Debtor's petition for relief remained unsigned by an attorney and the Debtor had not filed a corporate statement of ownership.

At the hearing, the Bankruptcy Administrator argued for dismissal on two grounds. First, the Bankruptcy Administrator argued that a corporate debtor could not appear *pro se* in federal court. In this case, the Debtor's failure to obtain counsel for over a month after receiving the Memorandum mandated dismissal. Second, the Bankruptcy Administrator argued that dismissal was warranted "for cause" under 11 U.S.C. § 1112 due to subjective bad faith and objective futility. *See In re Premier Auto Servs., Inc.*, 492 F.3d 274, 279-80 (4th Cir. 2007); *Carolin Corp. v. Miller*, 886 F.2d 693, 699 (4th Cir. 1989). Specifically, the Bankruptcy Administrator contended that (1) the Debtor's petition was filed to delay a Massachusetts state court

proceeding; (2) the bankruptcy proceeding is primarily a one-party dispute; (3) the Debtor has no ongoing business; (4) there appears to be no possibility of reorganization; (5) the source of the Debtor's funding, a contract with Karen Mitchell, is unreasonable and so fraught with conditions as to be speculative; and (6) the contract with Karen Mitchell is akin to a *sub rosa* plan.

## DISCUSSION

The Court finds the Debtor's petition for relief under Chapter 11 of the Bankruptcy Code is deficient and must be dismissed. The law is clear that a corporation must be represented by counsel in a bankruptcy proceeding and may not file a bankruptcy petition *pro se*. M.D.N.C. LBR 9011-2 ("All partnerships, corporations, and other business entities . . . must be represented by an attorney duly admitted to practice before the court"); *Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *In re Tamojira, Inc.*, 20 F. App'x 133, 133-34 (4th Cir. 2001) ("[I]t is well settled that a corporation must be represented by an attorney in federal court."); *Terry v. Sparrow*, 328 B.R. 442, 446 (M.D.N.C. 2005) ("Under well-established federal law, 'a corporation may appear in the federal courts only through licensed counsel.'"). Similarly, an individual without a license to practice law cannot file a petition on behalf of a corporate entity. *In re Spencer C. Young Inv./Courtyard of Chapel Hill, LLC*, No. 08-81852, 2009 WL 901654, at *3 (Bankr. M.D.N.C. Feb. 4, 2009). Lack of legal representation is grounds alone to dismiss a bankruptcy case brought by a corporation in federal court. *Carrico v. Vill. of Sugar Mountain*, 114 F. Supp. 2d 422, 424 (W.D.N.C. 2000).

Moreover, the facts and circumstances of this case do not warrant anything other than a strict interpretation of this requirement. On the Petition Date, over a month before the hearing on

the Motion to Dismiss, Mitchell received the Memorandum notifying him that the Debtor could only appear in court through legal counsel admitted to practice in the Middle District of North Carolina. Mitchell was further informed that the failure of the Debtor to obtain such counsel within ten days would result in a motion to dismiss. Mitchell knowingly delayed employing legal counsel for the Debtor until two days before the July 24, 2014 hearing on the Motion to Dismiss, at which point the attorney the Debtor sought to employ was not admitted to practice before this Court.

Moreover, given Mitchell's history with the Debtor's chapter 7 filing in Massachusetts last year, the Court finds Mitchell was aware of the consequences of the Debtor's failure to obtain counsel prior to the Petition Date. Yet, despite this knowledge, Mitchell improperly filed the bankruptcy petition on behalf of the Debtor and then, after receiving the Memorandum forbidding the preparation and submission of legal documents by a non-attorney on behalf of a corporation, rather than obtaining counsel, he engaged in the unauthorized practice of law by filing a motion on behalf of the Debtor on July 18, 2014.

The Court also notes that the Debtor's petition is deficient in that it was not accompanied by a corporate ownership statement. Bankruptcy Rule 1007 provides as follows:

> In a voluntary case, the debtor shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms. If the debtor is a corporation, other than a governmental unit, the debtor *shall* file with the petition a corporate ownership statement containing the information described in Rule 7007.1. The debtor shall file a supplemental statement promptly upon any change in circumstances that renders the corporate ownership statement inaccurate.

Fed. R. Bankr. P. 1007 (emphasis added). As is clear from the plain language of Rule 1007, a corporate ownership statement must be filed with the petition, and this requirement is not discretionary. The Debtor has made no attempt to correct this deficiency.

5

In addition, the Debtor failed to file its corporate resolution as required by Bankruptcy Rule 1007 and Local Rule 1007-1. Specifically, Local Rule 1007-1(a) requires the Debtor to file "the original or a certified copy of the resolution of the Debtor's board of directors authorizing the filing of the bankruptcy petition." M.D.N.C. LBR 1007-1(a). On July 7, 2014, Mitchell filed a "certificate of corporate vote," which purported to act as a corporate resolution. This one-sentence document, however, is woefully deficient in that it is neither an original nor a certified copy of the board's resolution. Rather, the certificate of corporate vote is a mere one sentence statement that the managers of the Debtor unanimously voted to file for Chapter 11 bankruptcy, and it is signed solely by Mitchell.  It is not sufficient to establish that Mitchell had corporate authority to file the petition.

While the improperly filed petition is grounds alone to dismiss this case, the Court certainly finds merit in the Bankruptcy Administrator's argument that dismissal is warranted for cause under § 1112(b) and the *Carolin* test. Starting with the Petition Date, Mitchell has filed numerous documents which reflect an intent to manipulate the judicial process for purposes other than the repayment of debt. The petition itself is evidence of the improper purpose of this filing, as Mitchell filed it with the knowledge that a petition for a corporation must be signed by an attorney. Subsequently, Mitchell has filed documents which reflect his attempt to link the funding of the Debtor's operations to the issue of venue, not only for this case, but for litigation currently pending in the Massachusetts state court. Mitchell's contract with his sister, Karen Mitchell, is explicitly conditioned upon the Debtor's bankruptcy case not being dismissed, converted, or removed to Massachusetts.[1]  Furthermore, the contract requires the Massachusetts

---

[1] The contract, dated June 17, 2014, between the Debtor, Karen Lee Mitchell, and James Mitchell is attached to the Twelfth Affidavit of James Mitchell, filed on July 23, 2014.  The Court notes that any decision regarding venue is in the "sound discretion of the court" looking at a variety of factors including: (1) proximity of creditors to the court; (2) proximity of the debtor to the court; (3) proximity of necessary witnesses; (4) location of assets; (5) economical

6

state court action to be transferred to North Carolina, and provides Karen Mitchell full discretionary authority to cancel the contract if the Court does not comply with her requirements. The Court has significant concerns that such a contract violates public policy, similar to the contract in *In re Mitchell*, 255 B.R. 345, 365 (Bankr. D. Mass. 2000) (finding that the contract between Mitchell and his mother, Marilyn Mitchell, violated public policy where it conditioned funding of the chapter 13 plan on venue and ongoing litigation). The voluminous number of documents of record in this case shows that the Debtor has no ongoing business, has failed to generate any income this year, has a scheme to generate future revenue that is so speculative as to be meaningless, and filed this petition on the day that a Massachusetts court was scheduled to confirm an arbitration award against the Debtor with an intent to hinder and delay creditors.

Based upon the forgoing, it is therefore ORDERED that the Debtor's case is hereby DISMISSED.

**END OF DOCUMENT**

---

administration of the estate; (6) relative ease of access to sources of proof. *In re 19101 Corporation,* 74 B.R. 34, 35 (Bankr. D.R.I. 1987).

Parties to be Served
Abbington Partners, LLC
Case No. 14-80681

James Mitchell
Abbington Partners, LLC
6 Consultant Place
Suite 100 A
Durham, NC 27707

William P. Miller
Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC 27402

Frank Iacono
6 Donald Court West
Blue Point, NY 11715

Daniel M. O'Hara, Esq
250 Park Avenue, 7th Floor
New York, NY 10177